**Macario MENDOZA–MATIAS, Petitioner,**

v.

**Michael B. MUKASEY \*, Attorney General, Respondent.**

No. 04–76632.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed March 6, 2008.

L. Allan Martin, Roy Pipkin, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Damon A. King, Esq., U.S. Dept. of Justice Child Expl. and Obscen. Section/Crim.Div., Washington, DC, for Respondent.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

Macario Mendoza–Matias, a citizen and native of Guatemala, petitions for review of the order of the Board of Immigration Appeals, which affirmed and substantially adopted the Immigration Judge's decision denying Mendoza–Matias's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition.

An asylum applicant bears the burden of demonstrating that he is a refugee, in that he is unable or unwilling to return to his country because of "persecution or a well-founded fear of persecution *on account of* race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (emphasis added) (defining the term "refugee"); *see also* 8 U.S.C. § 1158(b)(1)(B)(i) (placing the burden of proof on the asylum applicant to establish "refugee" status); 8 C.F.R. § 208.13(a) (same); *Deloso v. Ashcroft,* 393 F.3d 858, 863 (9th Cir.2005). Mendoza–Matias has failed to establish that he has been persecuted, or has a well-founded fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. He claims to have been persecuted by the forced recruitment efforts of both the Guatemalan army and a guerrilla group. The United States Supreme Court and this court have held that conscription alone is insufficient to constitute persecution on account of a protected asylum ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that attempted conscription by a Guatemalan guerrilla group did not constitute persecution on account of a political opinion where petitioner failed to show that the group was motivated by his political opinion); *Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000) (affirming denial of asylum petition where petitioner

---

\* Michael B. Mukasey is substituted as the current Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

failed to establish that either the Guatemalan army or a guerrilla group was interested in conscripting him for a reason other than his presence in a particular region of Guatemala). As a result, Mendoza–Matias's asylum claim fails, and the court does not reach Mendoza–Matias's remaining arguments.

Mendoza–Matias abandoned his claims for withholding of removal and relief under the CAT by failing to support them with argument in his opening brief. *See Rattlesnake Coalition v. EPA,* 509 F.3d 1095, 1100 (9th Cir.2007).

Mendoza–Matias's Motion to Continue Oral Argument, filed February 1, 2008, is dismissed as moot.

**PETITION DENIED.**